# EXHIBIT A

# Possible claim number: FW: 000331680G-0001~~James Daly Complaint received via email from Target legal.

Subject: FW: 000331680G-0001~~James Daly Complaint received via email from Target legal.
From: Calhoun, Deborah <Deborah.Calhoun@sedgwick.com>
To: Yardley, Mark <Mark.Yardley@sedgwick.com>; Koch, Ronald <Ronald.Koch@sedgwick.com>
Date and Time: 4/13/2020 2:31:15 PM
CC: colordropfile@sedgwicksir.com

**Complaint received via email from Target legal.**

**Deborah Calhoun** | Specialized Unit Associate-Litigation
**Sedgwick** | ⊖TARGET Guest Reporting Center
Direct 612-313-2320
EMAIL Deborah.Calhoun@Sedgwick.com
www.sedgwick.com | Caring counts℠

cid:image004.png@0
1D60F1D.4339AD90

Sedgwick is operational and managing claims.
Visit our COVID-19 update center
for the latest pandemic-related resources.

**From:** GL.Legal [mailto:GL.Legal@target.com]
**Sent:** Monday, April 13, 2020 12:01 PM
**To:** Calhoun, Deborah
**Cc:** GRC Target Legal; GL.Legal
**Subject:** James Daly Complaint

**Sue Carlson** | Senior Docketing Specialist | Law Department | ⊖TARGET | 1000 Nicollet Mall, TPS-3155, Minneapolis, MN, 55403 | 612-696-0583

**From:** eFax Corporate <message@inbound.efax.com>
**Sent:** Saturday, April 11, 2020 4:47 PM
**To:** GL.Legal <GL.Legal@target.com>
**Subject:** [EXTERNAL] Corporate eFax message from "2673509460" - 23 page(s)



Login

Service Notification

You have received a 23 page fax at 2020-04-11 15:46:31 CST.

* The reference number for this fax is atl_did6-1586641162-16123959274-624.
Please click here if you have any questions regarding this message
or your service. You may also contact Corporate Support:
4-13-2020                                000331680G0001
US

**Customer Service**

Need help with your account?

✉ Email:   6D20200413021904

**US**
Email: corporatesupport@mail.efax.com
Phone: 1 (323) 817-3202 or 1 (800) 810-2641

**UK**
Email: corporatesupportuk@mail.efax.com
Phone: 08707112200

**EU Int'l**
Email: corporatesupporteu@mail.efax.com
Phone: +35314380713

Thank you for using the eFax Corporate service!

corporatesupport@mail.efax.com

☎ **Phone:**
1(323) 817-3202
1(800) 810-2641 (toll-free)

© 2020 j2 Global, Inc. and affiliates

Any personal data acquired, processed or shared by us will be lawfully processed in line with applicable data protection legislation. If you have any questions regarding how we process personal data refer to our Privacy Notice https://www.sedgwick.com/global-privacy-policy. Any communication including this email and files/attachments transmitted with it are confidential and are intended solely for the use of the individual or entity to whom they are addressed. If this message has been sent to you in error, you must not copy, distribute or disclose of the information it contains and you must notify us immediately (contact is within the privacy policy) and delete the message from your system.

2020-04-11 16:39            Target 2673509460 >> +1 612 395 9274                    P 1/23



HAGGERTY, GOLDBERG, SCHLEIFER, & KUPERSMITH, P.C.

92 Buck Road
Holland, PA 18966
P: 215-354-9100
F: 215-354-9125

Terry D. Goldberg, Esquire
TGoldberg@hgsklawyers.com

April 9, 2020

Charles J. Schleifer
James C. Haggerty
Terry D. Goldberg
Richard T. Kupersmith
John J. Belchert
Mark J. Kogan
Scott J. Schleifer *
Jason R. Weiss *

Beth Bowers
Joseph P. Bradica *
Matthew D. Colavita *
Ana R. Amarante-Craig *
Eileen V. Dooley
Michael Hagstotz *
Jason Anthony Lai
Miriam A. Newman *
Robin Schleifer Weiss *
Jeffrey K. Stanton *
Suzanne Tighe

**Special Counsel**
Stephen David

**Counsel**
Irving L. Abramson

* Member of NJ Bar

***CERTIFIED MAIL/RRR 7018 1830 0001 6524 9496***
***(Also sent via USPS 1st Class Regular Mail.)***

Target
7400 Bustleton Avenue
Philadelphia, PA 19152

*Re:*   *James Daly v. Target Corporation, Target Stores, Target*
        *and Pacific Cycle, Inc.*
        *County of Venue: Philadelphia, Pennsylvania*
        *Docket Number: 2004010228*

Dear Sir/Madam:

Please be advised that our office represents James Daly in connection with certain legal proceedings instituted against you.

Pursuant to the Rules of Court, service of the Complaint In Civil Action is herewith made upon you. Enclosed is a copy of the Complaint In Civil Action. Be advised that you have twenty (20) days from the date of receipt in which to file responsive pleadings with the Court and our office.

You are further advised that should you fail to file a written response, as indicated above, within the time specified, a judgment may be entered against you.

Very truly yours,

*Haggerty, Goldberg, Schleifer & Kupersmith, P.C.*

BY: *Terry D. Goldberg*
    TERRY D. GOLDBERG

TDG/dam
Enclosures

*Offices throughout Pennsylvania :*

Allentown · Bethlehem · Hazleton · Holland · Kennett Square · Lancaster · Philadelphia · Reading · Shillington
1-888-975-LAW1      www.hgsklawyers.com

4-13-2020                    000331680G0001                    6020200413021904

https://www.sedgwicksir.com/EditorHTML5/printModule.html                    4/20/2020

2020-04-11 16:39          Target 2673509460 >> +1 612 395 9274                    P 2/23

| Court of Common Pleas of Philadelphia County<br>Trial Division<br>**Civil Cover Sheet** | For Prothonotary Use Only (Docket Number)<br>**APRIL 2020**<br>E-Filing Number 2004010228 | **000356** |
|---|---|---|

| PLAINTIFF'S NAME<br>JAMES DALY | DEFENDANT'S NAME<br>TARGET CORPORATION | |
|---|---|---|
| PLAINTIFF'S ADDRESS<br>7600 ROOSEVELT BLVD., APT. 403<br>PHILADELPHIA PA 19152 | DEFENDANT'S ADDRESS<br>1000 NICOLLET MALL<br>MINNEAPOLIS MN 55403 | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>TARGET STORES | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>1000 NICOLLET MALL<br>MINNEAPOLIS MN 55403 | |
| PLAINTIFF'S NAME | DEFENDANT'S NAME<br>TARGET | |
| PLAINTIFF'S ADDRESS | DEFENDANT'S ADDRESS<br>7400 BUSTLETON AVENUE<br>PHILADELPHIA PA 19152 | |

| TOTAL NUMBER OF PLAINTIFFS<br>1 | TOTAL NUMBER OF DEFENDANTS<br>4 | COMMENCEMENT OF ACTION<br>☒ Complaint  ☐ Petition Action  ☐ Notice of Appeal<br>☐ Writ of Summons  ☐ Transfer From Other Jurisdictions |
|---|---|---|

| AMOUNT IN CONTROVERSY<br>☐ $50,000.00 or less<br>☒ More than $50,000.00 | COURT PROGRAMS<br>☐ Arbitration  ☐ Mass Tort  ☐ Commerce  ☐ Settlement<br>☐ Jury  ☐ Savings Action  ☐ Minor Court Appeal  ☐ Minors<br>☒ Non-Jury  ☐ Petition  ☐ Statutory Appeals  ☐ W/D/Survival<br>☐ Other: |
|---|---|

CASE TYPE AND CODE
2P - PRODUCT LIABILITY

STATUTORY BASIS FOR CAUSE OF ACTION

| RELATED PENDING CASES (LIST BY CASE CAPTION AND DOCKET NUMBER) | **FILED**<br>**PRO PROTHY**<br>APR 09 2020<br>A. SILIGRINI | IS CASE SUBJECT TO<br>COORDINATION ORDER?<br>YES          NO |
|---|---|---|

TO THE PROTHONOTARY:

Kindly enter my appearance on behalf of Plaintiff/Petitioner/Appellant: JAMES DALY

Papers may be served at the address set forth below.

| NAME OF PLAINTIFF'S/PETITIONER'S/APPELLANT'S ATTORNEY<br>MATTHEW D. COLAVITA | ADDRESS<br>HGSK<br>92 BUCK ROAD<br>HOLLAND PA 18966 |
|---|---|
| PHONE NUMBER<br>(215) 354-9100 | FAX NUMBER<br>(215) 354-9125 | |
| SUPREME COURT IDENTIFICATION NO.<br>84286 | E-MAIL ADDRESS<br>mcolavita@hgsklawyers.com |
| SIGNATURE OF FILING ATTORNEY OR PARTY<br>*MATTHEW COLAVITA* | DATE SUBMITTED<br>Thursday, April 09, 2020, 03:15 pm |

FINAL COPY (Approved by the Prothonotary Clerk)

4-13-2020                    000331680G0001                    6020200413021904

**COMPLETE LIST OF DEFENDANTS:**

1. TARGET CORPORATION
   1000 NICOLLET MALL
   MINNEAPOLIS MN 55403
2. TARGET STORES
   1000 NICOLLET MALL
   MINNEAPOLIS MN 55403
3. TARGET
   7400 BUSTLETON AVENUE
   PHILADELPHIA PA 19152
4. PACIFIC CYCLE, INC.
   4902 HAMMERSLEY ROAD
   MADISON WI 53711

HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.
By: Terry D. Goldberg, I.D. No.: 38695
By: Matthew D. Colavita, Esquire, I.D. No.: 84286
92 Buck Road
Holland, Pennsylvania 18966
215-354-9100

*Filed and attested by the Office of Judicial Records 09 ... 2020 ... pm*

*Attorneys for Plaintiff*

| | |
|---|---|
| JAMES DALY<br>7600 Roosevelt Blvd, Apt. 403<br>Philadelphia, PA 19152 | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | No.: |
| TARGET CORPORATION<br>1000 Nicollet Mall<br>Minneapolis, MN 55403<br>-and-<br>TARGET STORES<br>1000 Nicollet Mall<br>Minneapolis, MN 55403<br>-and-<br>TARGET<br>7400 Bustleton Avenue<br>Philadelphia, PA 19152<br>-and-<br>PACIFIC CYCLE, INC.<br>4902 Hammersley Road<br>Madison, WI 53711 | |

Case ID: 200400356

## NOTICE TO DEFEND
### NOTICE TO DEFEND

**"NOTICE"**

"You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by an attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

"YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE IF YOU DO NOT HAVE A LAWYER OR CANNOT AFFORD ONE, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW TO FIND OUT WHERE YOU CAN GET LEGAL HELP.

**PHILADELPHIA BAR ASSOCIATION**
**LAWYER REFERRAL and INFORMATION SERVICE**
**One Reading Center**
**Philadelphia, Pennsylvania, 19107**
**215-238-1701**

**"AVISO"**

"Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias. De plazo al partir de la fecha de la demanda y la notificacion. Hace falta asentar una comparencia escrita o en persona con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted You may lose money or property or other rights important to you cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.

'LLEVE ESTA DEMANDA A UN ABOGADO INMEDIATAMENTE. SI NO TIENE ABOGADO O SI NO TIENE EL DINERO SUFICIENTE DE PAGAR TAL SERVICIO, VAYA EN PERSONA O LLAME POR TELEFONO A LA OFICINA CUYA DIRECCION SE ENCUENTRA ESCRITA ABAJO PARA AVERIGUAR DONDE SE PUEDE CONSEGUIR ASISTENCIA LEGAL.

**ASSOCIACION DE LICENDIADOS DE FILADELFIA**
**SERVICIO DE REFERENCIA E INFORMACION LEGAL**
**One Reading Center**
**Philadelphia, Pennsylvania, 19107**
**215-238-1701**

Case ID: 200400356

https://www.sedgwicksir.com/EditorHTML5/printModule.html                4/20/2020

**HAGGERTY, GOLDBERG, SCHLEIFER & KUPERSMITH, P.C.**
By: Terry D. Goldberg, I.D. No.: 38695
By: Matthew D. Colavita, Esquire, I.D. No.: 84286
92 Buck Road
Holland, Pennsylvania 18966                         *Attorneys for Plaintiff*
215-354-9100

| | | |
|---|---|---|
| JAMES DALY<br>7600 Roosevelt Blvd, Apt. 403<br>Philadelphia, PA 19152 | : | COURT OF COMMON PLEAS<br>PHILADELPHIA COUNTY |
| vs. | : | No.: |
| TARGET CORPORATION<br>1000 Nicollet Mall<br>Minneapolis, MN 55403<br>-and-<br>TARGET STORES<br>1000 Nicollet Mall<br>Minneapolis, MN 55403<br>-and-<br>TARGET<br>7400 Bustleton Avenue<br>Philadelphia, PA 19152<br>-and-<br>PACIFIC CYCLE, INC.<br>4902 Hammersley Road<br>Madison, WI 53711 | : | |

Case ID: 200400356

https://www.sedgwicksir.com/EditorHTML5/printModule.html                    4/20/2020

## CIVIL ACTION
### Product Liability

1. Plaintiff, JAMES DALY, is adult citizen of the Commonwealth of Pennsylvania who resides at 7600 Roosevelt Boulevard, Apartment 403, Philadelphia, PA 19152.

2. Defendant, TARGET CORPORATION, is upon information and belief, a corporation, limited liability company, partnership, fictitious name or other such business entity licensed to conduct business within the Commonwealth of Pennsylvania, which has offices and regularly conducted business under the name "TARGET" at its retail store with a principal place of business located at 7400 Bustleton Avenue, Philadelphia, PA 19152.

3. Defendant, TARGET CORPORATION, at all times relevant herein, regularly conducted business within the City and County of Philadelphia, Pennsylvania by, inter alia owning and operating retail stores under the name "TARGET" at various locations within Philadelphia County and as such are subject to venue here pursuant to Pennsylvania Rule to Civil Procedure 2179.

4. Defendant, TARGET STORES, is upon information and belief, a corporation, limited liability company, partnership, fictitious name or other such business entity licensed to conduct business within the Commonwealth of Pennsylvania, which at all times relevant herein, served as General Partner of TARGET CORPORATION and which has offices and regularly conducted business under the name "TARGET" at its retail store, with a principal place of business located at 7400 Bustleton Ave, Philadelphia, PA 19152.

5. Defendant, TARGET STORES, at all times relevant herein, regularly conducted business within the City and County of Philadelphia, Pennsylvania by, inter alia owning and operating retail stores under the name "TARGET" at various locations within Philadelphia County and as such are subject to venue here pursuant to Pennsylvania Rule to Civil Procedure 2179.

6. Defendant, TARGET, is upon information and belief, a corporation, limited liability company, partnership, fictitious name or other such business entity licensed to conduct business within the Commonwealth of Pennsylvania, which at all times relevant herein, served as General Partner of TARGET CORPORATION and which has offices and regularly conducted business under the name "TARGET" at its retail store known as located at 7400 Bustleton Avenue, Philadelphia, PA 19152.

Case ID: 200400356

7.  At all times material to this Civil Action, Defendants acted or failed to act through their agents, servants, workmen and/or employees, including but not limited to any employee(s) and/or contractor(s) who will be revealed during the course of discovery, who were then and there acting within the course and scope of their employment and/or agency in furtherance of Defendants' respective businesses.

8.  Defendant PACIFIC CYCLE, INC., is a corporate entity with a principal place of business at the address listed in the caption of this Complaint that regularly conducts business in the Commonwealth of Pennsylvania and/or regularly places goods in the stream of commerce with knowledge that these goods will be sold in the Commonwealth of Pennsylvania.

9.  At all times material to this Civil Action, Defendant, PACIFIC CYCLE, INC., acted or failed to act through their agents, servants, workmen and/or employees, including but not limited to any employee(s) and/or contractor(s) who will be revealed during the course of discovery, who were then and there acting within the course and scope of their employment and/or agency in furtherance of Defendants' respective businesses

10.  Defendant PACIFIC CYCLE, INC., is in the business of designing, manufacturing, assembling, equipping, selling, distributing, leasing and/or supplying bicycles, including the bicycle that was involved in Plaintiff JAMES DALY's accident.

11.  On or about July 13, 2018, Plaintiff JAMES DALY, owned a Schwinn bicycle ("the bicycle") purchased from a retail store owned and operated by the TARGET defendants.

12.  The bicycle was manufactured, assembled, refurbished, and/or constructed by the TARGET defendants and/or Defendant PACIFIC CYCLE, INC.

13.  On or about June 22, 2018, Plaintiff JAMES DALY, purchased a Schwinn men's hybrid bicycle, 700c Median Model # S4090TGC from Defendants' retail location known as TARGET located at 7400 Bustleton Avenue, Philadelphia, PA.

14.  On or about July 13, 2018, Plaintiff, JAMES DALY, was riding the bicycle when he suffered serious and permanent injuries due to an accident that occurred as a direct result of a defect of the bicycle's steering system and handle bars.

15.  The bicycle was sold to Plaintiff in the course and scope of Defendants' regularly conducted business.

16.  The said defect existed at the time the bicycle was sold by the TARGET DEFENDANTS.

17.  The bicycle was in the same condition at the time of the incident described herein as it was when it was sold by the TARGET defendants.

Case ID: 200400356

18. Plaintiff, JAMES DALY, was a foreseeable and expected user of the bicycle.

19. Plaintiff, JAMES DALY, used the bicycle in a normal and reasonable manner at the time of the incident described herein.

20. The bicycle's defective steering system and handlebar made the bicycle unreasonably dangerous, unfit for the intended purpose and dangerous beyond the reasonable consumer's contemplation.

## COUNT I
## JAMES DALY v. TARGET CORPORATION, TARGET STORES AND TARGET (NEGLIGENCE)

21. Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs as fully as if they were set forth at length.

22. The negligence, carelessness and recklessness of the Defendants, TARGET CORPORATION, TARGET STORES and TARGET, acting as aforesaid, consisted of the following:

(a) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was unreasonably dangerous;

(b) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was unsafe and defective;

(c) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was unsafe for all of its intended purposes;

(d) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was without adequate safeguards, safety devices, safety appliances and safety equipment;

(e) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was improper for the purposes for which the defendant knew the bicycle was to be used;

(f) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that would allow the steering system and handle bar to be and remain in a dangerous and defective condition;

(g) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle with a dangerous and defective steering system and handlebar;

(h) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle without adequate, necessary and proper warnings;

Case ID: 200400356

(i) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle without adequate, necessary and proper instructions;

(j) Failing to provide instructions to the purchaser with this product regarding the use of this product;

(k) Failing to provide purchasers of this product with warnings, instructions, and/or training regarding the proper use of this product;

(l) Failing to provide a maintenance schedule that was adequate to discover defects in the bicycle;

(m) Failing to properly repair the bicycle;

(n) Failing to properly assemble the bicycle;

(o) Performing inadequate testing and/or repairs to the product;

(p) Failing to timey notify the user of the bicycle of a known defect in the bicycle;

(q) Failing to notice, discover, and/or inform the Plaintiff of the defective condition of the bicycle;

(r) Hiring untrained personnel for the purpose of assembling the bicycle;

(s) Failing to ensure that the steering system and handlebar was functioning properly and in good working order at the time that the bicycle was sold;

(t) Such other acts or omissions which may constitute negligence, carelessness and/or recklessness which evolve through the course of discovery and;

(u) Negligence at law.

23.  As a result of the negligence, carelessness and recklessness of the Defendants, TARGET CORPORATION, TARGET STORES and TARGET, acting as aforesaid, Plaintiff, JAMES DALYT, was caused to sustain severe injuries of, but not limited to, his bones, joints, muscles, tendons, blood vessels and soft tissues through his entire body; he was caused to sustain injuries, including but not limited to his left shoulder, left knee, left thumb and scaphoid fracture of his left wrist and a severe shock to the nerves and nervous system, including damage to the tendons and ligaments of his left upper extremity all of which said injuries have in the past and will in the future cause Plaintiff great pain and suffering, and are permanent in nature.

24.  By reason of the aforesaid injuries, Plaintiff, JAMES DALY, has incurred and will in the future incur large and various expenses for medicines and medical attention in an attempt to treat and cure himself of his aforesaid injuries.

Case ID: 200400356

25. As a further result of this accident, Plaintiff, JAMES DALY, has been and will be obligated to receive and undergo medical attention and care and to expend various sums of money or incur various expenses, and Plaintiff, JAMES DALY, may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

26. Plaintiff, JAMES DALY, has lost the wages of his employment. His earning capacity has been impaired.

27. As a direct and proximate result of the foregoing, Plaintiff, JAMES DALY, has been prevented from pursuing his daily routines, duties and occupations and may be prevented from doing the same in the indefinite future, all to his great detriment and loss.

WHEREFORE, Plaintiff, JAMES DALY, demands judgment against the Defendants, TARGET CORPORATION, TARGET STORES and TARGET, and any later named Defendants as they may become apparent through discovery, individually and/or jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

### COUNT II
### JAMES DALY v. PACIFIC CYCLE, INC.
### (NEGLIGENCE)

28. Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs as fully as if they were set forth at length.

29. The negligence, carelessness and recklessness of the Defendant, PACIFIC CYCLE, INC., acting as aforesaid, consisted of the following:

    (a) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was unreasonably dangerous;

    (b) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was unsafe and defective;

    (c) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was unsafe for all of its intended purposes;

    (d) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was without adequate safeguards, safety devices, safety appliances and safety equipment;

Case ID: 200400356

(e) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was improper for the purposes for which the defendant knew the bicycle was to be used;

(f) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that would allow the steering system and handle bar to be and remain in a dangerous and defective condition;

(g) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle with a dangerous and defective steering system and handlebar;

(h) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle without adequate, necessary and proper warnings;

(i) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle without adequate, necessary and proper instructions;

(j) Failing to provide instructions to the purchaser with this product regarding the use of this product;

(k) Failing to provide purchasers of this product with warnings, instructions, and/or training regarding the proper use of this product;

(l) Failing to provide a maintenance schedule that was adequate to discover defects in the bicycle;

(m) Failing to properly repair the bicycle;

(n) Failing to properly assemble the bicycle;

(o) Performing inadequate testing and/or repairs to the product;

(p) Failing to timey notify the user of the bicycle of a known defect in the bicycle;

(q) Failing to notice, discover, and/or inform the Plaintiff of the defective condition of the bicycle;

(r) Hiring untrained personnel for the purpose of assembling the bicycle;

(s) Failing to ensure that the steering system and handlebar was functioning properly and in good working order at the time that the bicycle was sold;

(t) Such other acts or omissions which may constitute negligence, carelessness and/or recklessness which evolve through the course of discovery;

Case ID: 200400356

(u) Failing to ensure that the bicycle was assembled properly at the point of sale and;

(v) Failure to provide adequate and proper instructions and training for assembly at the point of sale;

(w) Negligence at law.

30. As a result of the negligence, carelessness and recklessness of the Defendants, PACIFIC CYCLE, INC., acting as aforesaid, Plaintiff, JAMES DALY, was caused to sustain severe injuries of, but not limited to, his bones, joints, muscles, tendons, blood vessels and soft tissues through his entire body; he was caused to sustain injuries, including but not limited to his left shoulder, left knee, left thumb and scaphoid fracture of his left wrist and a severe shock to the nerves and nervous system, including damage to the tendons and ligaments of his left upper extremity all of which said injuries have in the past and will in the future cause Plaintiff great pain and suffering, and are permanent in nature.

31. By reason of the aforesaid injuries, Plaintiff, JAMES DALY, has incurred and will in the future incur large and various expenses for medicines and medical attention in an attempt to treat and cure himself of his aforesaid injuries.

32. As a further result of this accident, Plaintiff, JAMES DALY, has been and will be obligated to receive and undergo medical attention and care and to expend various sums of money or incur various expenses, and Plaintiff, JAMES DALY, may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

33. Plaintiff, JAMES DALY, has lost the wages of his employment. His earning capacity has been impaired.

34. As a direct and proximate result of the foregoing, Plaintiff, JAMES DALY, has been prevented from pursuing his daily routines, duties and occupations and may be prevented from doing the same in the indefinite future, all to his great detriment and loss.

WHEREFORE, Plaintiff, JAMES DALY, demands judgment against the Defendant, PACIFIC CYCLE, INC., and any later named Defendants as they may become apparent through discovery, individually and/or jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

Case ID: 200400356

4-13-2020          000331680G0001          6020200413021904

## COUNT III

### JAMES DALY v. TARGET CORPORATION, TARGET STORES AND TARGET (BREACH OF WARRANTY)

35. Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs as fully as if they were set forth at length.

36. Defendants, TARGET CORPORATION, TARGET STORES and TARGET are in the business of assembling, equipping, selling, distributing, leasing and/or supplying bicycles, including the bicycle that was involved in Plaintiff JAMES DALY's accident.

37. The Defendants, assembled, equipped, sold, supplied, distributed and/or leased the subject bicycle with the knowledge that the said bicycle would be used by the Plaintiff.

38. It is believed that said bicycle was expected to reach Plaintiff James Daly, who is a foreseeable user if the bicycle without substantial change or alteration in the condition in which the defendant manufactured, designed, equipped, assembled, sold, supplied, leased and/or distributed the bicycle.

39. Said bicycle was designed, manufactured, equipped, assembled, sold, supplied, leased and distributed in a defective condition for the following reasons:

    (a) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle in a defective condition;

    (b) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle in an unreasonably dangerous condition;

    (c) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle in an unreasonably dangerous condition because it failed to have adequate warnings;

    (d) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was unsafe for all its intended and foreseeable purposes and uses;

    (e) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was without adequate safeguards, safety devices, safety appliances and safety equipment;

Case ID: 200400356

(f) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was improper for the purposes for which the defendants knew the bicycle was to be used;

(g) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that would allow the steering system and handlebar to be and remain in a defective condition;

(h) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle without adequate, necessary and proper warnings;

(i) Assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle without adequate, necessary and proper instructions;

(j) Failing to provide instructions to the purchaser with this product regarding the use of this product;

(k) Failing to provide purchasers of this product with warnings, instructions, and/or training regarding the proper use of this product;

(l) Failing to provide a maintenance schedule that was adequate to discover defects in the bicycle;

(m) Performing inadequate testing and/or repairs to the product;

(n) Failing to timey notify the user of the bicycle of a known defect in the bicycle;

(o) Failing to notice, discover, and/or inform the Plaintiff of the defective condition of the bicycle;

(p) Hiring untrained personnel for the purpose of assembling the bicycle.

40. Defendants, TARGET CORPORTATION, TARGET STORES and TARGET, warranted the aforementioned bicycle purchased by the Plaintiff was of good and merchantable quality and was fit for the purpose for which it was designed, manufactured, equipped, assembled, distributed, leased and sold.

41. Defendants' bicycle was defective and hazardous, and was neither of good and merchantable quality not fit for the purpose for which it was intended.

42. Plaintiff relied upon the expertise of defendants to deliver the bicycle and/or bicycle steering system and handlebar assembly at the time of sale by each in a condition good, merchantable, and fit for the purpose for which it was intended.

Case ID: 200400356

43. Plaintiff avers that Defendants breached the warranty in that the aforesaid bicycle was unsafe, unreliable and was not fit for the purpose for which it was designed, manufactured, equipped, assembled, distributed, leased and/or sold.

44. As a direct and proximate result of the defendants' breach of warranty, plaintiff was caused to sustain severe injuries of, but not limited to, his bones, joints, muscles, tendons, blood vessels and soft tissues through his entire body; he was caused to sustain injuries, including but not limited to his left shoulder, left knee, left thumb and scaphoid fracture of his left wrist and a severe shock to the nerves and nervous system, including damage to the tendons and ligaments of his left upper extremity all of which said injuries have in the past and will in the future cause Plaintiff great pain and suffering, and are permanent in nature.

45. By reason of the aforesaid injuries, Plaintiff, JAMES DALY, has incurred and will in the future incur large and various expenses for medicines and medical attention in an attempt to treat and cure himself of his aforesaid injuries.

46. As a further result of this accident, Plaintiff, JAMES DALY, has been and will be obligated to receive and undergo medical attention and care and to expend various sums of money or incur various expenses, and Plaintiff, JAMES DALY, may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

47. Plaintiff, JAMES DALY, has lost the wages of his employment. His earning capacity has been impaired.

48. As a direct and proximate result of the foregoing, Plaintiff, JAMES DALY, has been prevented from pursuing his daily routines, duties and occupations and may be prevented from doing the same in the indefinite future, all to his great detriment and loss.

WHEREFORE, Plaintiff, JAMES DALY, demands judgment against the Defendants, TARGET CORPORATION, TARGET STORES and TARGET, and any later named Defendants as they may become apparent through discovery, individually and/or jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT IV

### JAMES DALY v. PACIFIC CYCLE, INC.
### (BREACH OF WARRANTY)

49. Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs as fully as if they were set forth at length.

Case ID: 200400856

https://www.sedgwicksir.com/EditorHTML5/printModule.html        4/20/2020

50. Defendant, PACIFIC CYCLE, INC. is in the business of assembling, equipping, selling, distributing, leasing and/or supplying bicycles, including the bicycle that was involved in Plaintiff JAMES DALY's accident.

51. The Defendant, manufactured, designed, assembled, equipped, sold, supplied, distributed and/or leased the subject bicycle with the knowledge that the said bicycle would be used by the Plaintiff.

52. It is believed that said bicycle was expected to reach Plaintiff James Daly, who is a foreseeable user if the bicycle without substantial change or alteration in the condition in which the defendant manufactured, designed, equipped, assembled, sold, supplied, leased and/or distributed the bicycle.

53. Said bicycle was designed, manufactured, equipped, assembled, sold, supplied, leased and distributed in a defective condition for the following reasons:

    (a) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle in a defective condition;

    (b) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle in an unreasonably dangerous condition;

    (c) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle in an unreasonably dangerous condition because it failed to have adequate warnings;

    (d) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was unsafe for all its intended and foreseeable purposes and uses;

    (e) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was without adequate safeguards, safety devices, safety appliances and safety equipment;

    (f) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that was improper for the purposes for which the defendants knew the bicycle was to be used;

    (g) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle that would allow the steering system and handlebar to be and remain in a defective condition;

Case ID: 200400356

(h) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle without adequate, necessary and proper warnings;

(i) Designing, manufacturing, assembling, equipping, distributing, repairing, maintaining, selling and/or supplying a bicycle without adequate, necessary and proper instructions;

(j) Failing to provide instructions to the purchaser with this product regarding the use of this product;

(k) Failing to provide purchasers of this product with warnings, instructions, and/or training regarding the proper use of this product;

(l) Failing to provide a maintenance schedule that was adequate to discover defects in the bicycle;

(m) Performing inadequate testing and/or repairs to the product;

(n) Failing to timey notify the user of the bicycle of a known defect in the bicycle;

(o) Failing to notice, discover, and/or inform the Plaintiff of the defective condition of the bicycle;

(p) Hiring untrained personnel for the purpose of assembling the bicycle.

54. Defendant, PACIFIC CYCLE, INC., warranted the aforementioned bicycle purchased by the Plaintiff was of good and merchantable quality and was fit for the purpose for which it was designed, manufactured, equipped, assembled, distributed, leased and sold.

55. Defendant's bicycle was defective and hazardous, and was neither of good and merchantable quality not fit for the purpose for which it was intended.

56. Plaintiff relied upon the expertise of defendants to deliver the bicycle and/or bicycle steering system and handlebar assembly at the time of sale by each in a condition good, merchantable, and fit for the purpose for which it was intended.

57. Plaintiff avers that Defendants breached the warranty in that the aforesaid bicycle was unsafe, unreliable and was not fit for the purpose for which it was designed, manufactured, equipped, assembled, distributed, leased and/or sold.

58. As a direct and proximate result of the defendants' breach of warranty, plaintiff was caused to sustain severe injuries of, but not limited to, his bones, joints, muscles, tendons, blood vessels and soft tissues through his entire body; he was caused to sustain injuries, including but not limited to his left shoulder, left knee, left thumb and scaphoid fracture of his left wrist and a severe

Case ID: 200400356

shock to the nerves and nervous system, including damage to the tendons and ligaments of his left upper extremity all of which said injuries have in the past and will in the future cause Plaintiff great pain and suffering, and are permanent in nature.

59. By reason of the aforesaid injuries, Plaintiff, JAMES DALY, has incurred and will in the future incur large and various expenses for medicines and medical attention in an attempt to treat and cure himself of his aforesaid injuries.

60. As a further result of this accident, Plaintiff, JAMES DALY, has been and will be obligated to receive and undergo medical attention and care and to expend various sums of money or incur various expenses, and Plaintiff, JAMES DALY, may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

61. Plaintiff, JAMES DALY, has lost the wages of his employment. His earning capacity has been impaired.

62. As a direct and proximate result of the foregoing, Plaintiff, JAMES DALY, has been prevented from pursuing his daily routines, duties and occupations and may be prevented from doing the same in the indefinite future, all to his great detriment and loss.

WHEREFORE, Plaintiff, JAMES DALY, demands judgment against the Defendant, PACIFIC CYCLE, INC., and any later named Defendants as they may become apparent through discovery, individually and/or jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT V

### JAMES DALY v. TARGET CORPORATION, TARGET STORES AND TARGET (STRICT PRODCUT LIABILTIY)

63. Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs as fully as if they were set forth at length.

64. Defendants, TARGET CORPORATION, TARGET STORES and TARGET are in the business of assembling, equipping, selling, distributing, leasing and/or supplying bicycles to general public, including the bicycle that was involved in Plaintiff JAMES DALY's accident.

65. Defendants, TARGET CORPORATION, TARGET STORES and TARGET were responsible for ensuring that the steering system and handlebar assembly were functioning properly and in good working order at the time the bicycle was sold.

Case ID: 200400356

66. Plaintiff avers that defendants, TARGET CORPORATION, TARGET STORES and TARGET, are liable under the theory of Strict Liability as set forth in section 402A of Restatement of Torts, 2d.

67. As a direct result of the incident described herein, Plaintiff suffered serious and permanent injuries, of, but not limited to, his bones, joints, muscles, tendons, blood vessels and soft tissues through his entire body; he was caused to sustain injuries, including but not limited to his left shoulder, left knee, left thumb and scaphoid fracture of his left wrist and a severe shock to the nerves and nervous system, including damage to the tendons and ligaments of his left upper extremity all of which said injuries have in the past and will in the future cause Plaintiff great pain and suffering, and are permanent in nature.

68. The defect identified herein made the bicycle a danger that was unknowable and unacceptable to the ordinary consumer.

69. The defect described herein created a probability and seriousness of harm that far outweighed the burden and costs of taking precautions to prevent said harm.

70. By reason of the aforesaid injuries, Plaintiff, JAMES DALY has incurred and will in the future incur large and various expenses for medicines and medical attention in an attempt to treat and cure himself of his aforesaid injuries.

71. As a further result of this accident, Plaintiff, JAMES DALY, has been and will be obligated to receive and undergo medical attention and care and to expend various sums of money or incur various expenses, and Plaintiff, JAMES DALY, may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

72. Plaintiff, JAMES DALY, has lost the wages of his employment. His earning capacity has been impaired.

73. As a direct and proximate result of the foregoing, Plaintiff, JAMES DALY, has been prevented from pursuing his daily routines, duties and occupations and may be prevented from doing the same in the indefinite future, all to his great detriment and loss.

WHEREFORE, Plaintiff, JAMES DALY, demands judgment against the Defendants, TARGET CORPORATION, TARGET STORES and TARGET and any later named Defendants as they may become apparent through discovery, individually and/or jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

## COUNT VI

Case ID: 200400356

### JAMES DALY v. PACIFIC CYCLE, INC.
### (STRICT PRODUCTS LIABILITY)

74. Plaintiff hereby incorporates by reference all of the allegations contained in the preceding paragraphs as fully as if they were set forth at length.

75. Defendant, PACIFC CYCLE, INC. are in the business of assembling, equipping, selling, distributing, leasing and/or supplying bicycles to general public, including the bicycle that was involved in Plaintiff JAMES DALY's accident.

76. Defendant, PACIFC CYCLE, INC. were responsible for ensuring that the steering system and handlebar assembly were functioning properly and in good working order at the time the bicycle was sold.

77. Plaintiff avers that defendant PACIFIC CYCLE, INC., is liable under the theory of Strict Liability as set forth in section 402A of Restatement of Torts, 2d.

78. As a direct result of the incident described herein, Plaintiff suffered serious and permanent injuries, of, but not limited to, his bones, joints, muscles, tendons, blood vessels and soft tissues through his entire body; he was caused to sustain injuries, including but not limited to his left shoulder, left knee, left thumb and scaphoid fracture of his left wrist and a severe shock to the nerves and nervous system, including damage to the tendons and ligaments of his left upper extremity all of which said injuries have in the past and will in the future cause Plaintiff great pain and suffering, and are permanent in nature.

79. The defect identified herein made the bicycle a danger that was unknowable and unacceptable to the ordinary consumer.

80. The defect described herein created a probability and seriousness of harm that far outweighed the burden and costs of taking precautions to prevent said harm.

81. By reason of the aforesaid injuries, Plaintiff, JAMES DALY has incurred and will in the future incur large and various expenses for medicines and medical attention in an attempt to treat and cure himself of his aforesaid injuries.

82. As a further result of this accident, Plaintiff, JAMES DALY, has been and will be obligated to receive and undergo medical attention and care and to expend various sums of money or incur various expenses, and Plaintiff, JAMES DALY, may be obliged to continue to expend such sums or incur such expenditures for an indefinite period of time in the future.

Case ID: 200400356

83. Plaintiff, JAMES DALY, has lost the wages of his employment. His earning capacity has been impaired.

84. As a direct and proximate result of the foregoing, Plaintiff, JAMES DALY, has been prevented from pursuing his daily routines, duties and occupations and may be prevented from doing the same in the indefinite future, all to his great detriment and loss.

WHEREFORE, Plaintiff, JAMES DALY, demands judgment against the Defendant, PACIFC CYCLE, INC. and any later named Defendants as they may become apparent through discovery, individually and/or jointly and severally, in a sum in excess of Fifty Thousand Dollars ($50,000.00).

*Haggerty, Goldberg, Schleifer & Kupersmith, P.C.*
*Attorneys for Plaintiff*

By:    *Matthew D. Colavita, /S/*

MATTHEW D. COLAVITA, ESQUIRE
TERRY D. GOLDBERG, ESQUIRE

Case ID: 200400356

## VERIFICATION

I, JAMES DALY, do hereby verify that I am the Plaintiff in the foregoing action; that the attached Civil Action is based upon information which I have furnished to my counsel and information which has been gathered by my counsel in the preparation of the lawsuit. The language of the Civil Action is that of my counsel and is not mine. I have read the Civil Action and to the extent that the information therein is based upon information I have given counsel, it is true and correct to the best of my knowledge, information and belief. To the extent that the contents of the Civil Action are that of counsel, I have relied upon counsel in making this Verification. I understand that false statements made herein are made subject to the penalties of 18 Pa. C.S.A. Section 4904 relating to unsworn falsifications to authorities.

JAMES DALY

DATED: 3/31/2020

Case ID: 200400356